**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN BAEZ, | : | Hon. Stanley R. Chesler |
| Petitioner, | : | Civil Action No. 08-3294 (SRC) |
| v. | : | |
| DAVID J. EBBERT, | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES**:

> JUAN BAEZ, #57845-054
> F.C.I. Allenwood
> P.O. Box 2000
> White Deer, Pennsylvania 17887-2000
> Petitioner Pro Se

**CHESLER**, District Judge:

Petitioner Juan Baez, who is presently confined at the Federal Correctional Institution at Allenwood, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. Petitioner challenges a detainer lodged by the State of New Jersey in the form of a warrant. After Respondent filed an Answer seeking dismissal of the Petition, United States District Judge Christopher C. Conner transferred the case to this Court. For the reasons expressed below, this Court will dismiss the Petition, without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after Petitioner exhausts remedies available in the courts of the State of New Jersey.

## I. BACKGROUND

Petitioner is currently confined at FCI Allenwood and serving a federal sentence of 46 months imprisonment and four years of supervised release, imposed on March 31, 2006, by the United States District Court for the Southern District of New York. See United States v. Baez, Crim. No. 05-0702 (JSR) judgment of conv. (S.D.N.Y. March 31, 2006). Petitioner's projected release date is November 25, 2008.

The essential facts are not in dispute. On October 25, 2006, the Essex County Sheriff lodged a detainer against Petitioner in the form of warrant #01-10-4395-1 for Petitioner's arrest on a pending New Jersey criminal charge for possession of a controlled dangerous substance. In September 2007, officials at FCI Allenwood sent a request on Petitioner's behalf for final disposition of the New Jersey charges to the Essex County Prosecutor. On January 2, 2008, Sue Stover, the Supervising Inmate Systems Specialist at FCI Allenwood sent a follow-up letter regarding Petitioner to the Essex County Prosecutor, which states:

> The above-named inmate has requested disposition of pending untried charges in Essex County pursuant to the Interstate Agreement on Detainers . . . . We have not received a response from your office. Article III of the Compact Agreement mandates that he be brought to trial within 180 days from the date your received his petition, 09-13-2007. Please advise.

(Letter from Sue Stover, Supv. Inmate Systems Specialist, dated Jan. 2, 2008.)

On April 24, 2008, Ms. Stover received a telephone call from Mr. Eddie Hernandez, of the Extradition Unit of the Essex County Prosecutor's Office. Mr. Hernandez stated that their detainer is valid and will remain in effect and he asked Ms. Stover to contact him at the time of Petitioner's release from federal custody.

2

Relying on United States v. Mauro, 436 U.S. 340 (1978), Petitioner contends that because Essex County failed to bring him to trial within 180 days of his request for final disposition of the New Jersey charges, as required by the Interstate Agreement on Detainers, due process requires dismissal of the detainer, as well as the criminal charges. Petitioner seeks an order for dismissal of the detainer and the New Jersey charges. Respondent seeks dismissal of the Petition on two grounds. First, relying on Program Statement 5800.14, Respondent argues that there is no legal basis for the Bureau of Prisons ("BOP") to remove the detainer. Respondent further contends that this Court lacks jurisdiction under 28 U.S.C. § 2241 because that Petitioner is not "in custody" for purposes of challenging he detainer.

## II. DISCUSSION

A. Jurisdiction

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . .
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

This Court rejects Respondent's contention that this Court lacks jurisdiction under § 2241 because Petitioner is not "in custody" under the detainer. A district court has jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person challenging a detainer lodged pursuant to an untried state indictment. See Maleng, 490 U.S. at 490; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Mokone v. Fenton, 710 F.2d 998, 999 (3d Cir. 1983); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975); Triano v. Superior Court of New Jersey, Law Div., 393 F. Supp. 1061, 1065 (D.N.J. 1975), aff'd 523 F.2d 1052 (3d Cir. 1975) (table). Moreover, as the Interstate Agreement on Detainers Act ("IADA") is a congressionally sanctioned interstate compact within Art. I, § 10, of the United States Constitution, the Petition presents a federal claim within the meaning of 28 U.S.C. § 2241.[1] See Carchman v. Nash, 473 U.S. 716, 719 (1985); Cuyler v. Adams, 449 U.S. 433, 438-42 (1981); Casper v. Ryan, 822 F.2d 1283, 1288 (3d Cir. 1987), cert. denied, 484 U.S. 1012 (1988). Although this Court has jurisdiction over the Petition, it is clear that habeas relief is not warranted.

A. Removal of the Detainer by the BOP

Petitioner asks this Court to order the BOP to remove, dismiss or otherwise disregard the detainer filed by New Jersey officials. Without considering whether Petitioner has administratively exhausted this issue under the BOP's three-step Administrative Remedy Program, this Court finds that Petitioner is not entitled to such relief. The BOP's Program Statement 5800.14 provides:

---

[1] The IADA has been adopted by the State of New Jersey. See N.J. STAT. ANN. § 2A:159A-1 et seq.; Carchman, 473 U.S. at 719.

4

> If an inmate says that his or her rights have been violated under the IAD, the inmate will be advised to contact the state authorities or his or her attorney.
>
> The Bureau does not decide the validity of the detainer or violation of any IAD provision. All detainers will remain in full force and effect, unless and until the charges from the receiving state are dismissed and/or the receiving state authorizes, in writing, the removal of the detainer.

Inmate Systems Management Manual, Program Statement 5800.14, ch. 6 § 612.

In addition, § 610(i) provides:

> If the inmate has not been brought to trial within 180 days from the date prosecuting officials received the IAD packet, ISM staff will correspond with the prosecutor . . . calling attention to the lapse of the 180-day period. Only the state may authorize the removal of its detainer. The inmate must address any request regarding a possible violation of the IADA to the appropriate state court.

Id. ch. 6 § 610(i).

As federal law does not authorize the BOP to dismiss or disregard the pretrial New Jersey detainer, Petitioner is not entitled to an order directing the BOP to dismiss the detainer.[2]

B. Dismissal of New Jersey Charges

Petitioner asserts that the Due Process Clause and Equal Protection component of the Fifth Amendment require dismissal of the pending New Jersey criminal charges because New

---

[2] Petitioner's reliance on United States v. Mauro, 436 U.S. 340, 349 (1978), is misplaced. In that case, the Supreme Court determined that a writ of habeas corpus ad prosequendum issued by a federal court to state authorities, directing the production of a state prisoner for trial on federal criminal charges, is not a detainer within the meaning of the IADA and does not trigger application of the IADA, but the United States is bound by the IADA when it activates its provisions by filing a detainer against a state prisoner and then obtaining his custody by means of a writ of habeas corpus ad prosequendum.

Jersey officials violated the IADA by failing to bring him to trial on the charges underlying the detainer within 180 days of his September 13, 2007, request for final disposition.

The purpose of the IADA is "to encourage the expeditious and orderly disposition of [outstanding criminal] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." 18 U.S.C. app. 2, Art. I. "The word 'detainer,' as it is used in the Agreement, is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." United States ex rel. Esola v. Groomes, 520 F. 2d 830, 838 (3d Cir. 1975) (citation and internal quotation marks omitted). To achieve that end, Article III(a) requires that a defendant must be tried on outstanding criminal charges within 180 days after authorities in that state receive his request for final disposition. Specifically, Article III provides:

> (a) Whenever . . . there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint: *Provided*, That, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner.
>
> (b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the

> warden, commissioner of corrections, or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.
>
> (c) The warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based.

18 U.S.C.A. App. 2 § 2 Art. III(a), (b), (c).

Article IV(c) of the IADA requires dismissal of the charges in the event that an action is not brought to trial within 180 days of the prosecutor and court's receipt of the request for final disposition. See 18 U.S.C.A. App. 2 § 2 Art. IV(c); Fex v. Michigan, 507 U.S. 43, 51 (1993) (prosecuting State's receipt of the request for final disposition starts the 180-day period); United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998) (inmate's IADA request must "contain sufficient information to alert the government that Article III has been invoked"). Specifically, Article IV(c) provides that:

> in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III . . . , the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

18 U.S.C.A. App. 2 § 2 Art. IV(c).

The United States Court of Appeals for the Third Circuit has observed that "only the courts of the indicting state can enter an order that would effectively void the criminal charge" based on a violation of the IADA. Mokone v. Fenton, 710 F. 2d 998, 1003 (3d Cir. 1983). Thus,

7

the Court of Appeals has "held that a habeas petitioner seeking a speedy trial in another state, or seeking to bar prosecution of a charge upon which an out-of-state detainer is based, must exhaust the remedies of the state where the charge is pending." Id. at 1002. For example, in Moore v. DeYoung, 515 F. 2d 437 (3d Cir. 1975), a New Jersey pre-trial detainee filed a habeas petition in this Court asserting denial of the right to a speedy trial and seeking discharge from custody and an injunction against New Jersey criminal proceedings. This Court granted pre-trial habeas relief, and the Court of Appeals for the Third Circuit reversed on the grounds that the petitioner had not exhausted the merits of his speedy trial claim before the New Jersey courts and the alleged denial of a speedy trial is not an extraordinary circumstance warranting pre-trial habeas relief. See Moore, 515 F. 2d at 447. As to exhaustion, the Court of Appeals found that

> Moore did not exhaust his state court remedies prior to application for federal habeas corpus relief. This issue is still available to Moore as an affirmative defense at trial and thereafter, on appellate review. Indeed, the trial court expressly recognized that additional evidence as to prejudice on the issue of delay could be adduced at trial.

Id. at 445.

The Court of Appeals expressly rejected the petitioner's argument that the constitutional right to a speedy trial is an extraordinary circumstance which bars not only a conviction for the underlying offense but a trial for that offense. As the Court of Appeals explained,

> From the premise that he has a right not to stand trial, Moore proceeds to the conclusion that, to avoid the threatening state trial, there must be some pre-trial forum . . . available to test the merits of his constitutional claim. Otherwise, he argues, he would be required to undergo the rigors of trial to vindicate his claim that the state court can no longer bring him to trial . . . .

8

> We are not prepared to hold that . . . the alleged denial of Moores' right to a speedy trial, constitutes such "extraordinary circumstances" as to require federal intervention prior to exhaustion of state court remedies. We perceive nothing in the nature of the speedy trial right to qualify it as a per se "extraordinary circumstance." We know of no authority, either pre-or post-Braden, supra, that excepts or singles out the constitutional issue of speedy trial as an extraordinary circumstance sufficient to dispense with the exhaustion requirement.

Id. at 446.

The Court of Appeals accordingly reversed the order granting pretrial habeas relief to Moore. "Moore having failed to exhaust his state remedies on the merits and having failed to present an "extraordinary circumstance" which would warrant pre-trial, pre-exhaustion habeas corpus relief, we conclude that the district court erred as a matter of law in granting Moore's petition." Id. at 447 (footnote omitted); see also United States v. MacDonald, 435 U.S. 850, 861 (1978) (Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all").[3]

In this case, Petitioner asserts that he requested final disposition of the New Jersey charges but that Essex County officials failed to bring him to trial within 180 days. To the extent Petitioner seeks dismissal of the New Jersey charges, pretrial habeas relief is premature because

---

[3] Other courts of appeals have similarly dismissed pretrial IADA habeas challenges to a detainer on the ground that "Petitioner merely seeks to litigate a federal defense to a criminal charge prematurely in federal court." Knox v. State of Wyoming, 959 F.2d 866, 868 (10th Cir. 1992) (dismissing federal prisoner's 2241 petition challenging Wyoming detainer under IADA where petitioner has yet to be sentenced and appeal his IADA claims); see also Kerns v. Turner, 837 F.2d 336 (8th Cir. 1988) (dismissing § 2241 petition filed by federal prisoner awaiting sentencing on Missouri charge who challenged future state imprisonment as violation of IADA).

Petitioner has not presented this affirmative defense to the New Jersey courts. As the Court of Appeals explained,

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-227 (5th Cir. 1987); Atkins v. State of Michigan, 644 F.2d 543, 545-547 (6th Cir. 1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir. 1980).

Because Petitioner failed to exhaust his IADA claim before the New Jersey courts, this Court will dismiss the claim seeking dismissal of the New Jersey charges, without prejudice to bringing the claim in a petition under 28 U.S.C. § 2254 after exhaustion of state court remedies.

### III. CONCLUSION

Based on the foregoing, this Court will dismiss the Petition without prejudice.

_____
STANLEY R. CHESLER, U.S.D.J.

Dated: July 22, 2008